**Neil F. HARTIGAN**

v.

**PALUMBO BROS., INC.**

No. 90 C 7441.

United States District Court,
N.D. Illinois.

July 28, 1992.

Wallace Cyril Solberg, Illinois Atty. General's Office, Jeffrey Wayne Finke, Hartman & Finke, Chicago, Ill., for Neil F. Hartigan and State of Ill.

Gary L. Griffin, Cornelius F. Riordan, Patrick G. Donnelly, McNeela & Griffin, Ltd., Chicago, Ill., for Palumbo Bros., Inc.

Gary L. Griffin, Cornelius F. Riordan, Patrick G. Donnelly, Harold E. McKee, III, McNeela & Griffin, Ltd., Chicago, Ill., for Peter A. Palumbo, Samuel S. Palumbo, Jr., Joseph L. Palumbo, James Cavanaugh and Dan L. Tessarolo.

Thomas J. Fleischmann, Mark S. Dym, Benjamin P. Beringer, Gessler, Flynn, Fleischmann, Hughes & Socol, Ltd., Chicago, Ill., for Robert R. Anderson Co., Robert R. Anderson, II and Robert R. Anderson, III.

Warren R. Fuller, Karen A. Berres, Chicago, Ill., for Robert N. Rubel and Milburn Bros. Inc.

William J. McKenna, David Barry Goroff, Hopkins & Sutter, P.C., Chicago, Ill., for Gateway Const. Co., Inc. and George N. Weiland, Jr.

Daniel Steven Mathless, Law Office of Daniel S. Mathless, Chicago, Ill., for Lo–Mar Contracting Corp., Ruben Melesio, Betty Kitterman, Hi–Gate Erectors, Inc., Highway Safety Corp., M & D Constructors, Inc., Deborah Melesio–Piekarz, Highway Safety Contracting Corp. and Vincent P. Conoscenti.

James Robert Schirott, Schirott & Associates, P.C., Itasca, Ill., for James R. Nugent and Lois A. Nugent.

Raymond John Ostler, Robert Michael Gomberg, Gomberg, Sharfman, Gold and Ostler, Chicago, Ill., for Coke Contracting Co., Inc., Sam Alberto and Tom Alberto.

## ORDER

MAROVICH, District Judge.

On June 5, 1992 and June 9, 1992 this court dismissed Counts I, II and XI–XVII of the plaintiffs' complaint for lack of subject matter jurisdiction. This court also exercised its power under *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) and dismissed Counts III–X and XVIII–XXIII of the complaint without prejudice and with leave to reinstate within 45 days after the completion of the state court proceeding. Plaintiffs have filed a motion to reconsider pursuant to Fed.R.Civ.P. ("Rule") 59(e). For the following reasons, the plaintiffs' motion is denied.

■ To prevail on a motion to alter or amend a judgment under Rule 59(e), a party must either establish a manifest error of law or fact or must present newly discovered evidence. *Federal Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir.1986). Rule 59(e) motions cannot be used to raise arguments which could have been raised before judgment or to argue a case under a new legal theory. *Meyer*, 781 F.2d 1268.

■ First, the plaintiffs argue that Federal False Claims Act ("FCA") claims may not be properly filed in state court. The court already addressed the issue of concurrent jurisdiction under the FCA in its June 5, 1992 and June 9, 1992 opinions. Both parties had ample opportunity to present their arguments and the law to the court at that time. The issues raised and case law cited by the plaintiffs in their 59(e) motion either were or could have been raised in their earlier briefs. Further, no new evidence has been presented to suggest that the court manifestly erred in reaching the conclusion that the federal court does not have exclusive jurisdiction over FCA claims. Finally, there is no indication that the court misapprehended the plaintiffs earlier arguments. Therefore, we will not disturb our prior ruling on the question of exclusive jurisdiction under the FCA.

Similarly, we reject plaintiffs' arguments that the court erred as a matter of fact and law by abstaining under *Colorado River*. In our previous opinions, the court concluded that the state and federal proceedings were parallel and that "exceptional circumstances" existed to warrant a dismissal of the federal court proceeding under *Colorado River*. The court will not reconsider its previous rulings simply because a party disagrees with its reasoning. Rule 59(e) motions cannot be used to reargue issues already considered by the court or to raise new arguments that could have been raised before the judgment. These issues were raised, briefed and considered by the court in its previous opinions. The plaintiffs have presented no new facts or law which indicate that the court manifestly erred as a matter of law or fact. Since plaintiffs have failed to present any new evidence that would warrant a reversal of our previous decision, plaintiffs' motion for reconsideration is denied.[1]

---

1. Plaintiffs' original motion for reconsideration included a motion to file an amended complaint. On July 1, 1992 the court granted that motion and provided plaintiffs with leave to file the amendment by July 31, 1992. The amendment was to be filed *nunc pro tunc* June 4, 1992. The court's June 5, 1992 order shall apply to the amendment.